940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
eith B. SMITH, Michael E. Masters, Ted Landel, Plaintiffs-Appellants,
v.
Robert BROWN, Jr., Gene Borgert, Defendants-Appellees.
 No. 91-1276.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Keith B. Smith, Michael E. Masters, and Ted Landel, representing a class consisting of non-smoking Michigan prisoners housed within the G. Robert Cotton Correctional Facility, appeal the district court's judgment dismissing their amended civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking class certification and declaratory and injunctive relief, the appellants sued the director of the Michigan Department of Corrections (MDOC) and the warden of the Cotton Correctional Facility (CCF) in their individual and official capacities. They alleged that the appellees violated their rights under the eighth and fourteenth amendments by failing to provide non-smoking areas within CCF's housing units, thus deliberately exposing them to the health risks associated with the inhalation of secondary tobacco smoke, also known as environmental tobacco smoke (ETS). The appellants further alleged that they have experienced health problems, including eye irritation and breathing difficulties, as a result of their involuntary inhalation of ETS. The district court certified the class, as amended, in an order filed November 29, 1989.
 
 
 3
 A magistrate filed a report and recommendation on November 1, 1990 in which he recommended granting the defendants' motion to dismiss for failure to state a claim upon which relief may be granted. The magistrate found that the court was bound by this court's holding in Martin v. Mason, No. 89-1742 (6th Cir. Feb. 13, 1990), that a prisoner's exposure to secondary smoke does not fall within the evolving standards of decency protected by the eighth and fourteenth amendments. The district court adopted the magistrate's report and recommendation over the appellants' objections in a judgment entered on February 6, 1991.
 
 
 4
 On appeal, the appellants continue to argue the merits of their claim.
 
 
 5
 Upon consideration, we vacate the district court's judgment and remand for further proceedings because, under the liberal standard of review for dismissal under Fed.R.Civ.P. 12(b)(6), it cannot be said that the appellants undoubtedly can prove no set of facts in support of their claim which would entitle them to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 6
 In considering a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. Id. Therefore, it must be accepted, for the purpose of this review, that secondary tobacco smoke is causing certain health problems and the risk of greater health problems in the non-smoking inmates of CCF.
 
 
 7
 To establish an eighth amendment violation, the appellants rely on the argument that subjecting them to levels of ETS that affect their health violates the evolving standards of decency from which the eighth amendment draws its meaning. See Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Earlier panels of this court have declined to find an eighth amendment cause of action for exposure to ETS in two unpublished Rule 9 orders. Martin, followed by the district court, affirmed a dismissal under Sec. 1915(d) because the claim lacked an arguable basis in law at that time. The Martin panel, however, left the door open for possible future actions of this type by citing Gorman v. Moody, 710 F.Supp. 1256, 1262 (N.D.Ind.1989) ("As our society moves toward a so-called smoke-free environment and new laws are enacted, there may come a time when the 'evolving standards of decency that mark the progress of society' demand a smoke-free environment in a prison setting. However, this is not the case now....").
 
 
 8
 The appellants argue that science and society have now progressed to the point where inmates must be protected from harmful levels of ETS through the establishment of non-smoking living, working, and exercise areas. A panel of this court recently rejected this argument in an unpublished order citing Gorman, Martin, and Wilson v. Lynaugh, 878 F.2d 846 (5th Cir.), cert. denied, 110 S.Ct. 417 (1989). See Bratcher v. Morris, No. 90-3325 (6th Cir. Apr. 11, 1991). Bratcher affirmed a grant of summary judgment, however, after the district court rejected a magistrate's recommendation that the action be dismissed for failure to state a claim.
 
 
 9
 Despite these two unpublished orders, the liberal 12(b)(6) standard of review along with the persuasive authority of recently published decisions by two federal circuit courts requires that this case be remanded for further proceedings.
 
 
 10
 Wilson, cited by the Bratcher panel, was a denial of in forma pauperis status decided on res judicata grounds and was not a decision on the merits. In contrast, both the Ninth and the Tenth Circuits have expressly recognized a cause of action under the eighth amendment for prisoner exposure to harmful levels of ETS. The Tenth Circuit held that the defendants' policy of permitting the indefinite double-celling of smokers with non-smokers against their expressed will can amount to deliberate indifference to the health of non-smoking inmates in violation of the eighth amendment. Clemmons v. Bohannon, 918 F.2d 858, 860 (10th Cir.1990), reh'g en banc granted, 918 F.2d at 873 (opinion remains in effect pursuant to Tenth Circuit Rule 35.6). This decision vacated the district court's conclusion that exposure to ETS was a mere inconvenience that did not constitute a cognizable claim.
 
 
 11
 More recently, the Ninth Circuit held that "even if an inmate cannot show that he suffers from serious, immediate medical symptoms caused by exposure to ETS, compelled exposure to ETS is nonetheless cruel and unusual punishment if it is at such levels and under such circumstances as to pose an unreasonable risk of harm to an inmate's health." McKinney v. Anderson, 924 F.2d 1500, 1503-04 (9th Cir.1991). Unlike the Gorman court, which assumed that society's standards in this area would change slowly, the McKinney court recognized the rapid accumulation of scientific evidence in the last few years regarding the adverse health effects resulting from ETS exposure, id. at 1505, and the evolution of society's standards of decency as evidenced by the widespread passage of statutes and regulations (including those affecting prisons and jails) designed to protect non-smokers from involuntary exposure to harmful levels of ETS. Id. at 1508-09.
 
 
 12
 Accordingly, the district court's judgment in this case is vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.